UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JUAN ANGEL SALDIVAR** | § § § § | |
| **VS.** | § § | **CASE NO. 5:21-cv-592** <br> **JURY DEMANDED** |
| | § § | |
| **SENTINEL TRANSPORTATION, LLC** | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Juan Angel Saldivar (hereinafter called "Plaintiff") complains of and about Defendant Sentinel Transportation, LLC (hereinafter called "Defendant" or "Sentinel"), and for cause of action show unto the Court the following:

### PARTIES

1. Juan Angel Saldivar is an individual who is a citizen of Texas.

2. Defendant Sentinel is foreign Limited Liability Company ("LLC"). Sentinel is a citizen of Delaware, as it is a Delaware corporation and has its principal place of business in Delaware. Defendant may be served with process by serving its registered agent for service at: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th St., Suite 620, Austin, TX 78701.

### JURISDICTION

3. Pursuant to 28 U.S.C. §1332, this Court has diversity jurisdiction because the parties are citizens of different States and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

### VENUE

4. Venue is also proper in this judicial district and division pursuant to 28 U.S.C. §1391(b)(3) because Defendant is subject to the Court's personal jurisdiction. Defendant operates five (5) terminals in Texas, one of which is in Kenedy, Texas, in addition to having a staff office and a dispatch office throughout the state. Sentinel has a nationwide network that is primarily concentrated in Texas and California.

## FACTS

5. On or about March 17, 2020, Creighton Scott Reindl, Defendant's employee, within the scope and course of his employment, was traveling eastbound on I-40, in a semi-trailer, when suddenly and without warning, Mr. Reindl, as agent of Sentinel, failed to safely change lanes and attempted to pass Plaintiff, thus striking the vehicle in which Plaintiff was properly driving and causing the incident made the basis of this lawsuit.

## CAUSES OF ACTION

6. Plaintiff is not making any claims for relief under federal law.

**A.     Vicarious Liability**

7. Plaintiff would show that Defendant is liable for the damages and injuries that were caused by the negligence of its employees, agents, and representatives. Defendant is liable for the acts or omissions of its employees, agents, and any person over whom Defendant retained control.

8. In addition, Defendant is liable under the doctrine of respondeat superior; master/servant; principal/agent for the acts and omissions of its employees.

**B.     Negligent Entrustment**

9. Defendant negligently entrusted its vehicle to be driven by Mr. Reindl, given that he did not possess the proper skills in driving a vehicle on public roadways.

10. The above-described incident and resulting damages were caused by the acts and omissions of Defendant.

**C.    Negligence**

11. Defendant Sentinel is liable to Plaintiff for its employee's negligence, in that Mr. Reindl failed to perform the following, including but not limited to: keeping such lookout as an ordinary person of ordinary prudence would have kept under the same or similar circumstances; safely gauging the amount of distance needed to safely pass Plaintiff; exercising caution while in control of such a large vehicle; steering the vehicle in a manner in which an ordinarily prudent person would have driven under the same or similar circumstances; taking proper evasive action as a person of ordinary prudence would have taken under the same or similar circumstances in order to avoid the collision; making such turning movements of the vehicle in question as would have been made by a person exercising ordinary care and prudence under the same or similar circumstances; and exhibiting driver attention.

## DAMAGES

12. As a proximate result of the acts and omissions outlined above, Plaintiff has suffered, and in all probability will continue to suffer in the future, actual damages within the jurisdictional limits of this court, including but not limited to:

   a. Physical pain and suffering in the past and future;

   b. Mental and emotional anguish in the past and future;

   c. Disfigurement in the past and future;

   d. Physical impairment in the past and future and the resulting inability to do the tasks and services that he ordinarily would have been able to perform;

   e. Past and continuing medical and hospital expenses;

    f. Lost income/wages;

    g. Loss of earning capacity in the past and future;

    h. Punitive and exemplary damages;

    i. Pre- and post-judgment interest at the highest amount owed by law;

    j. Attorney's fees and court costs;

    k. Loss of enjoyment of life; and

    l. All other relief, at law and at equity, to which Plaintiff may show himself justly entitled.

## JURY DEMANDED

13. Plaintiff asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, that all causes of action herein be tried before a jury consisting of citizens residing in Karnes County, Texas.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff be awarded:

    a. Damages for past, present, and future pain and suffering and mental anguish endured by, or to be endured by Plaintiff, which directly or proximately resulted from Defendant's actions;

    b. Damages for past, present, and future medical care and treatment incurred by Plaintiff as a result of the incident made the basis of this lawsuit;

    c. Damages for permanent physical impairment and disfigurement of Plaintiff;

    d. Punitive damages in such amount as may be found proper and just under the facts and circumstances of this case as determined by the jury;

  e.  Pre-judgment and post-judgment interest as provided by law;

  f.  Costs of suit and attorney's fees; and

  g.  All such other and further relief, at law and in equity, to which Plaintiff may be justly entitled under the facts and circumstances.

Dated: June 21, 2021

                Respectfully submitted,

                */s/ Jose A. Chapa, Jr.*
                Jose A. Chapa, Jr.
                *Attorney-in-Charge*
                W.D. Tex. Bar No. 3410000
                3116 Scenic Way
                McAllen, Texas 78503
                Telephone: (214) 629-0788
                jachapa@smu.edu